UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| :PENNY-LEE: GILLY,<br>    *Plaintiff*,<br><br>    v.<br><br>OCWEN,<br>    *Defendant*. | No. 3:16-mc-00021 (JAM) |

### ORDER STRIKING REGISTRATION OF JUDGMENT

On February 8, 2016, a purported judgment issued by the "Federal Postal Court" was filed for registration with the Clerk of Court in the above-captioned matter. Dozens of similar purported judgments of the "Federal Postal Court" have been filed for registration in the District of Connecticut in recent weeks. Because further inquiry confirms that the "Federal Postal Court" is not a court with authority to have its judgments registered in a federal court, the registration of judgment will be stricken.

#### BACKGROUND

On February 8, 2016, a certification for registration of judgment was filed in the name of ":Leighton-Lionel: Ward" [sic], who is identified as clerk of court for the "Federal Postal Court" and with a mailing address to a post office box in Lake Havasu City, Arizona. The purported judgment is in the matter of a plaintiff named ":Penny-Lee Gilly:" [sic] against a defendant named "OCWEN," and in the principal amount of $11,509,456.

The cover page of the filing in this case is on a pre-printed federal court form (AO 451 – Clerk's Certification of a Judgment to Be Registered in Another District). The filing also includes an attachment entitled, "Certified Copy of Final Judgment, Translation of Final Default Judgement" [sic] that states in part:

> This document is to serve as a translation summary of the Final Default Judgment by the Federal Postal Court. The original language of the Final Default Judgment was written in Correct Sentence Structure Communication Parse Syntax Grammar. The language has been translated to English pursuant to the Uniform Foreign-Money Claims Act.

Doc. #1 at 2. The defendant "OCWEN" appears to be Ocwen Financial Corporation (Ocwen), a provider of residential and commercial mortgage loan servicing. The judgment orders Ocwen to pay plaintiff $11,509,456, to "delete" the outstanding balance on a Deed of Trust created April 18, 2006, to transfer title of the Deed of Trust property to plaintiff, and to notify the Federal Postal Court Clerk when the terms of the judgment have been fulfilled. Except for a photocopy of certified mail sent to defendant, the rest of the filing is a largely unintelligible jumble of code-like numbers, letters, and legalistic terms with little apparent connection to one another.

Because of doubts about the validity of the "Federal Postal Court," I entered an order to show cause for a hearing to learn more about the judgment and the "Federal Postal Court." Notice of the hearing was transmitted to plaintiff, but she did not communicate with the Court. Two individuals ended up participating in the hearing by telephone from an Arizona telephone number. They identified themselves as David Wynn Miller, who described himself as a judge of the "Federal Postal Court," and Leighton Ward, who described himself as clerk of the "Federal Postal Court." These two names appear on the registration documents filed with the Court.

Miller told me that Benjamin Franklin opened the "Federal Postal Court" on July 4, 1775. But the court was soon closed in 1776 with the onset of the Revolutionary War. It remained closed for more than two centuries. Then, according to Miller, he and a colleague reopened the court for operation on December 21, 2012 (a day that is otherwise well known as the predicted end of the world according to the Mayan Calendar).

Miller explained to me that the "Federal Postal Court" operates on the basis of a sophisticated mathematical understanding of language that proves that certain mortgage documents are fraudulent. According to Miller, the "Federal Postal Court" has been recognized by the United Nations. The "Federal Postal Court" does not have a courthouse or other fixed location; instead, it has transitory jurisdiction with a presence wherever the federal postal eagle symbol may be.

A YouTube search discloses numerous videos of Miller and others explaining the operation of the "Federal Postal Court."[1] A Westlaw search does not disclose any valid judgments or other proceedings involving the "Federal Postal Court." A Westlaw search for the name of "David Wynn Miller" otherwise reflects a lengthy history of frivolous filings that use the same impenetrable language that appears in the filings in this case. *See, e.g., United States v. Pflum,* 2013 WL 4482706 (D. Kan. 2013) (collecting dozens of cases and noting that several district courts have imposed pre-filing screening orders to prevent Miller from filing suits in these courts without prior leave of the court).

## DISCUSSION

Federal law provides for the registration of certain court judgments in the federal courts of the United States:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

---

[1] *See, e.g.* "For These Methods of the Document Contract Federal Postal Court Venue Part I Merge," *available at* https://www.youtube.com/watch?v=MdFDH3g0Ipo (last accessed Mar. 5, 2016).

28 U.S.C. § 1963. Before the enactment of § 1963, if a judgment creditor wanted to enforce a money judgment outside the district in which judgment was entered, she was required to bring a new lawsuit in that federal district court. *See Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 404 (5th Cir. 2001). The purpose of § 1963 was "to spare creditors and debtors alike . . . the additional costs and harassment of further litigation which would otherwise be required." *Id.*; S. Rep. No. 83-1917 (1954). For this reason, when a judgment is properly registered under § 1963, the registration "provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965) (Blackmun, J.).

Here, it is clear that the judgment of the "Federal Postal Court" does not meet the requirements of § 1963. The judgment does not arise—as the statute requires—from a "court of appeals, district court, bankruptcy court, or in the Court of International Trade." *See Fox Painting Co. v. National Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994) (§ 1963 does not permit registration of judgments from any court not listed in the statute); *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010) (same). If a document registered under § 1963 "does not appear to have any legitimate purpose," it is proper for a court to strike the document. *See, e.g., United States v. Wells*, 131 F.R.D. 543, 545 (N.D. Ill. 1990); *see also Calderon v. JPMorgan Chase Bank, N.A.*, 2012 WL 3484683 (E.D. La. 2012) (striking purported registration of judgment that did not issue from any court authorized under § 1963).

Moreover, there is no basis to conclude that the purported judgment of the "Federal Postal Court" arises from any valid legal authority at all. So far as I can tell, the "Federal Postal Court" is a sham and no more than a product of fertile imagination. Accordingly, even if I were to conclude that there were some basis other than § 1963 to allow for the registration of a

judgment in the federal courts of Connecticut, I would conclude that any judgment rendered by the "Federal Postal Court" should not be subject to registration and should be stricken.

## CONCLUSION

The registration of judgment (Doc. #1) shall be STRICKEN forthwith, and the Clerk of Court shall dismiss and close this matter.

It is so ordered.

Dated at New Haven this 7th day of March 2016.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge